# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv640

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| | )     **ORDER** |
| Vs. | )<br>) |
| **RUDOLPH R. MARTINEZ,** | )<br>)<br>) |
| **Defendant.** | )<br>) |

**THIS MATTER** is before the court on plaintiff's Motion for Default Judgment (#9). Review of the court's docket reveals that the Summons and Complaint in this action were duly served upon defendants, and that such defendants failed to plead or otherwise appear, and that the Clerk of this Court properly entered Default on February 14, 2013.

Rule 55 "authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules, United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) (internal quotation marks omitted), and requires that a plaintiff apply to the court for a default judgment when the claim is not for "a sum certain or one that can be made certain by computation." Fed.R.Civ.P. 55(b). In accordance with Rule 55(b)(2), the Court has closely reviewed the Motion for Default Judgment and determined that a hearing is not necessary in this matter as the judgment sought may be fully considered on the record now before the court.

Plaintiff has provided evidence that it made payments totaling $65,008.24 on the two bonds for which it seeks indemnification from defendant. Plaintiff acknowledges that it received payment in the amount of $4,175.93 from defendant's co-indemnitors which will be credited against the above sum, for a total of $60,832.31.

Plaintiff also requests that the court award "Costs and Expenses" including $24,917.71 in "Consultant's Fees" and $36,897.77 in Attorney's Fees for a total award of $61.815.48, which, the court notes, exceeds the outstanding balance on the underlying damages from the bond payments. With respect to attorney's fees, the requested amount far exceeds what is allowable under applicable North Carolina law which specifically disallows attorney's fees, even pursuant to an unambiguous contractual agreement, without statutory authority. Stillwell Enters., Inc. v. Interstate Equip. Co., 300 N.C. 286, 266 S.E.2d 812 (1980). While N.C. Gen. Stat. § 6-21.2 allows for the award of attorney's fees in cases such as this, see, e.g. U.S. ex rel. SCCB, Inc. v. P. Browne & Associates, Inc., 751 F. Supp. 2d 813, 815 (M.D.N.C. 2010) (citing Stillwell, 300 N.C. at 290-92), it limits the recoverable amount to 15% of the outstanding balance. N.C. Gen. Stat. § 6-21.2(2). As such, plaintiff is statutorily limited to $9,751.24 in attorney's fees.

With respect to the $24,917.71 in "Consultant's Fees," the court can find no authority, statutory or otherwise, for the award of such costs. While 28 U.S.C. § 1920 and Local Rule 54.1 allow for the taxation of witness fees at the applicable statutory rate, see 28 U.S.C. §1821, there is no provision for consultant fees, and certainly not in such an exorbitant amount. It is true that upon default, a plaintiff's allegations are to be taken as fact but the court cannot award relief that is not authorized by law. As such plaintiff's motion will be denied as to the roughly $25,000 in "Consultant's Fees."

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Default Judgment (#9) is **GRANTED IN PART AND DENIED IN PART** as follows:

**JUDGMENT BY DEFAULT**

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that Judgment is entered in favor of plaintiff in the amount of $60,832.31 for damages from the underlying claim.

**IT IS FURTHER ORDERED** that plaintiff be awarded $9,751.24 in attorney's fees, consistent with N.C. Gen. Stat. § 6-21.2.

**IT IS FURTHER ORDERED** that plaintiff's request for "Consultant's Fees" is **DENIED**. Plaintiff is free to file a Bill of Costs with the Clerk of this Court for allowable costs not inconsistent with this Order.

Signed: June 18, 2013

Max O. Cogburn Jr.
United States District Judge